IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CLINTON BROOKS, JR.,                )
                                    )
                Petitioner,         )               8:06CV599
                                    )
        vs.                         )        MEMORANDUM AND ORDER
                                    )
LAURIE SMITH CAMP, et al.,          )
                                    )
                Respondents.        )

This matter is before the court on the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("§ 2241 petition"), filed by the petitioner, Clinton Brooks, Jr.  In his § 2241 petition, the petitioner challenges the sentence he received in Case No. 8:05cr116, *United States of America v. Clinton Brooks, Jr.* (D. Neb.).  In that case, District Judge Laurie Smith Camp sentenced the petitioner to consecutive prison terms of 21 months on Count I[1] and 24 months on Count IX[2] of an indictment, to be followed by supervised release.  The judgment also included orders of restitution and special assessments.

Although committed to the custody of the United States Bureau of Prisons, the petitioner is presently housed at the Cass County Jail in Plattsmouth, Nebraska.  As the venue for a petition pursuant to 28 U.S.C. § 2241 is the district of incarceration, the petitioner has not filed his petition in the wrong court.  However, he has filed the wrong kind of habeas petition.

A petition pursuant to 28 U.S.C. § 2241 filed by a federal prisoner may be used to

---

[1]18 U.S.C. § 371, Conspiracy to defraud the United States.

[2]18 U.S.C. § 1028A, Fraud involving identification documents.

1

challenge the execution of a federal sentence but not the sentence itself.  For purposes of 28 U.S.C. § 2241, "execution" of a sentence "includes such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001).

The petitioner objects not to the execution of his sentence, but to the *length* of his sentence, particularly in comparison to that of a codefendant.  He also alleges that he received ineffective assistance of trial counsel, and that Judge Smith Camp reached her sentencing decision in reliance, at least in part, on false information in the petitioner's Presentence Investigation Report ("PSR").

However, those claims may not be asserted in a petition pursuant to 28 U.S.C. § 2241.  A motion pursuant to 28 U.S.C. § 2255, brought before the sentencing court, is the appropriate vehicle for a convicted federal prisoner to challenge his conviction or sentence as in violation of the Constitution or laws of the United States and to move to vacate his sentence.  Thus, federal prisoners challenging the legality or validity of a conviction or sentence must do so by a motion pursuant to 28 U.S.C. § 2255 rather than by a petition pursuant to 28 U.S.C. § 2241.   See, e.g., United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000); Caravalho v. Pugh, 177 F.3d 1177, 1178-79 (10th Cir. 1999); Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997).

Although a narrow exception permits limited use of § 2241 to challenge the validity of a conviction, the § 2241 petition in this case does not fit within that exception to the general bar against using § 2241, instead of § 2255, for collateral attack by a federal prisoner on a conviction or sentence.  "A writ of habeas corpus on behalf of a petitioner

2

may issue under 28 U.S.C. § 2241 **only if** it 'appears that the remedy by motion [under §
2255] is inadequate or ineffective to test the legality of his detention.'"   United States v.
Lurie, 207 F.3d at 1077 (emphasis added).   However, a § 2255 remedy is not considered
inadequate or ineffective because a § 2255 motion has previously been denied, because
the statute of limitations has expired on a § 2255 claim, or because there are procedural
barriers to pursuing relief under § 2255.   Id. at 1077-78.   Accord Wesson v. U.S.
Penitentiary, 305 F.3d 343, 347 (5th Cir. 2002).

 I note that the petitioner has recently filed a § 2255 motion in his criminal case (see
filing no. 185 in Case No. 8:05cv116).  It is not clear why the claims asserted in the above-
entitled action have not been joined in the § 2255 motion in the criminal case.  At any rate,
this proceeding must be dismissed as a misuse of 28 U.S.C. § 2241.

 THEREFORE, IT IS ORDERED:

 1. That this action and the Petition for Writ of Habeas Corpus pursuant to 28
U.S.C. § 2241 filed by the petitioner, Clinton Brooks, Jr., are dismissed without prejudice;

 2. That filing no. 2, the petitioner's Motion to Proceed In Forma Pauperis, is
denied as moot; and

 3. That a separate judgment will be entered in accordance with this
Memorandum and Order

 DATED this 25th day of September, 2006.

     BY THE COURT:


     s/ Joseph F. Bataillon
     JOSEPH F. BATAILLON
     Chief District Judge

     3